UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MURPHY,

    Plaintiff,

v.

EASTERN ACCOUNT SYSTEM, INC.,

    Defendant.

Case No. 23-cv-12317

Hon. Sean F. Cox
United States District Court Judge

## OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 7) AND MOTION FOR ATTORNEYS' FEES

The plaintiff in this action under the Fair Debt Collections Practices Act sought and obtained a clerk's entry of default, and now moves for a default judgment in the amount of $6,000 and an award of attorneys' fees. Because the plaintiff's well-pleaded allegations establish the defendant's liability for violating the Act and the plaintiff has presented sufficient evidence of his damages and attorneys' fees, the Court grants the plaintiff's motions, enters judgment in his favor for $6,000, and awards him his attorneys' fees.

### BACKGROUND

Plaintiff Joseph Murphy filed this action against Defendant Eastern Account System, Inc. on September 12, 2023. (ECF No. 1). In his complaint, Plaintiff alleges that he ordered a copy of his credit report from Experian Information Solutions, Inc. ("Experian") on June 16, 2023, which showed a debt of $608.00 owed by Plaintiff to Defendant. Plaintiff sent a letter to Defendant disputing the debt on July 21, 2023, and he obtained a new credit report from Experian on September 5, 2023. This new report showed that Defendant had again reported the $608.00 debt on August 11, 2023, but not that Plaintiff had disputed the debt.

1

Plaintiff alleges that Defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), which entitles successful plaintiffs to recover their "actual damage[s]," § 1692(a)(1). Defendant failed to make any response or file an appearance in this case and Plaintiff obtained a clerk's entry of default on October 30, 2023. (ECF No. 5). Plaintiff now moves for a default judgment under Fed. R. Civ. P. 55(b)(2) in the amount of $6,000, measured by his emotional damages. (ECF No. 7).

The Court conducted a hearing on April 18, 2024, where Plaintiff submitted a declaration detailing that, "[a]s a result of Defendant's failure to flag the collection item as disputed as requested by me, I suffered from stress, anxiety, and panic attacks, resulting in loss of sleep, weight gain, stomach problems, and fighting with my spouse." (ECF No. 12, PageID.31). Plaintiff offered similar testimony at the hearing.

Plaintiff also orally moved for an award of attorneys' fees at the hearing, and the Court directed him to file the materials required by Local Rule 54.1.2. On April 25, 2024, Plaintiff filed a declaration of his counsel stating that Plaintiff has incurred attorneys' fees of $8,540.40. (ECF No. 13).

For the following reasons, the Court grants Plaintiff's motion for default judgment to the extent that it seeks judgment in the amount of $6,000 and grants Plaintiff's motion for attorneys' fees.

**STANDARD OF REVIEW**

To resolve a motion for default judgment, this Court takes "the well-pleaded factual allegations in the Complaint, except those relating to damages" as true and determines whether those allegations establish the defendant's liability. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). If the plaintiff's well-pleaded allegations establish liability, then

this Court awards damages if the plaintiff presents "some evidence to support his claim." *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1035 (N.D. Ohio 2022).

With respect to Plaintiff's motion for attorneys' fees, the FDCPA provides that "in the case of any successful action to enforce the foregoing liability," a prevailing plaintiff is entitled to recover "the costs of the action, together with a reasonable attorneys' fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

## ANALYSIS

### I. Plaintiff's Motion for Default Judgment

The Complaint alleges that Defendant violated the FDCPA, which prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Taking the facts pled in the complaint as true, Defendant failed to communicate to Experian that Plaintiff had disputed the $608.00 debt when Defendant reported the debt to Experian on August 11, 2023. Thus, Plaintiff's well-pleaded allegations establish Defendant's liability for violating the FDCPA.

With respect to damages, emotional damages qualify as "actual damages" recoverable under the FDCPA. *See Green v. Nationwide Arb. Servs., LLC*, No. 14-cv-14280, 2015 WL 7717165 (E.D. Mich. Nov. 30, 2015). And Plaintiff submitted some evidence that he suffered from stress, anxiety, and panic attacks as a result of Defendant's FDPCA violation, which led to loss of sleep, weight gain, stomach problems, and marital discord. This uncontroverted evidence is sufficient to show that Plaintiff suffered $6,000 in actual damages.

**II.     Plaintiff's Motion for Attorneys' Fees**

Plaintiff submitted sufficient evidence that he incurred $8,540.40 in attorney's fees in this matter.  (*See* ECF No. 13).  And $8,540.40 is a reasonable fee for this matter.

## CONCLUSION & ORDER

Plaintiff's well-pleaded allegations establish that Defendant is liable for violating 15 U.S.C. § 1692e(8).  And the evidence shows that Plaintiff suffered $6,000 in actual damages under § 1692e(a)(1) and incurred $8,540.40 in reasonable attorneys' fees.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for default judgment (ECF No. 7) is **GRANTED** to the extent that it seeks a default judgment for Plaintiff in the amount of $6,000.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to default judgment against Defendant in an amount calculated as follows: (1) damages in the amount of $6,000 pursuant to 15 U.S.C. § 1692(a)(1); and (2) attorneys' fees in the amount of $8,540.40 pursuant to 15 U.S.C. § 1692k(a)(3).

**IT IS SO ORDERED.**


Dated:  June 13, 2024                              s/Sean F. Cox
                                                                Sean F. Cox
                                                                U. S. District Judge


I hereby certify that on June 13, 2024, the document above was served on counsel of record via electronic means and/or First Class Mail.

                                                                s/Jennifer McCoy
                                                                Case Manager